# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### MONROE DIVISION

**JEWEL DEAN BAMBURG**　　　　**\***　　**DOCKET NO.  06-1783**


**VERSUS**　　　　　　　　　　　**\***　　**JUDGE JAMES**


**MICHAEL J. ASTRUE,**　　　　　**\***　　**MAGISTRATE JUDGE HAYES**
**COMMISSIONER, SOCIAL**
**SECURITY ADMINISTRATION**

### REPORT AND RECOMMENDATION

Before the court is plaintiff's petition for review of the Commissioner's denial of social security disability benefits.  The appeal was referred to the undersigned United States Magistrate Judge for proposed findings of fact and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and (C).  For the reasons assigned below, it is recommended that the decision of the Commissioner be **REVERSED** and **REMANDED** for further proceedings.

### Background & Procedural History

On November 4, 2004, Jewel Dean Bamburg protectively filed the instant application for Supplemental Security Income payments.  (Tr. 45-47, 56).  She alleged disability since January 1, 2000, due to fibromyalgia, hiatal hernia, breathing difficulties, arthritis, and neck pain.  (Tr. 45, 60).  The claim was denied at the initial stage of the administrative process. (Tr. 25, 29-32). Thereafter, Bamburg requested and received an October 19, 2005, hearing before an Administrative Law Judge ("ALJ").  (Tr. 202-233).  However, in a February 28, 2006, written decision, the ALJ determined that Bamburg was not disabled under the Act, finding at Step Four of the sequential evaluation process that she was able to return to past relevant work as a sewing machine operator and sorter/distributor.  (Tr. 12-19).  Bamburg appealed the adverse decision to

the Appeals Council.  On September 8, 2006, the Appeals Council denied her request for review,

and thus the ALJ's decision became the final decision of the Commissioner.  (Tr. 4-6).

On October 11, 2006, Bamburg sought review before this court.  She alleges the

following errors:

> (1)    the Appeals Council failed to afford proper weight to the treating physician's
> opinion; and

> (2)    the ALJ's residual functional capacity is not supported by substantial evidence.

### Standard of Review

This court's standard of review is (1) whether substantial evidence of record supports the

ALJ's determination, and (2) whether the decision comports with relevant legal standards.  *Villa*

*v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990).  Where the Commissioner's decision is

supported by substantial evidence, the findings therein are conclusive and must be affirmed.

*Richardson v. Perales*, 402 U.S. 389, 390 (1971).  The Commissioner's decision is not supported

by substantial evidence when the decision is reached by applying improper legal standards.

*Singletary v. Bowen*, 798 F.2d 818 (5th Cir. 1986).  Substantial evidence is such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v.*

*Perales*, 402 U.S. at 401. While substantial evidence lies somewhere between a scintilla and a

preponderance, substantial evidence clearly requires "such relevant evidence as a reasonable

mind might accept as adequate to support a conclusion."  *Muse v. Sullivan*, 925 F.2d 785, 789

(5th Cir. 1991).  Conversely, a finding of no substantial evidence is proper when no credible

medical findings or evidence support the ALJ's determination.  *Johnson v. Bowen*, 864 F.2d 340,

343-44 (5th Cir. 1988).  The reviewing court may not reweigh the evidence, try the issues *de*

*novo*, or substitute its judgment for that of the Secretary.  *Greenspan v. Shalala*, 38 F.3d 232,

(5th Cir. 1994).

## **Determination of Disability**

Pursuant to the Social Security Act (the "Act"), individuals who contribute to the

program throughout their lives are entitled to payment of insurance benefits if they suffer from a

physical or mental disability.  *See* 42 U.S.C. § 423(a)(1)(D).  The Act defines a disability as the

"inability to engage in any substantial gainful activity by reason of any medically determinable

physical or mental impairment which can be expected to result in death or which has lasted or

can be expected to last for a continuous period of not less than 12 months . . . ."  42 U.S.C. §

423(d)(1)(A).   Based on a claimant's age, education, and work experience, the Act utilizes a

broad definition of substantial gainful employment that is not restricted by a claimant's previous

form of work or the availability of other acceptable forms of work.  *See* 42 U.S.C. §

423(d)(2)(A).  Furthermore, a disability may be based on the combined effect of multiple

impairments which, if considered individually, would not be of the requisite severity under the

Act.  *See* 20 C.F.R. § 404.1520(a)(4)(ii).

The Commissioner of the Social Security Administration has established a five-step

sequential evaluation process that the agency uses to determine whether a claimant is disabled

under the Act.  *See* 20 C.F.R. §§ 404.1520, 416.920.  The steps are as follows,

(1)     An individual who is performing substantial gainful activity will not be
        found disabled regardless of medical findings.

(2)     An individual who does not have a "severe impairment" of the requisite
        duration will not be found to be disabled.

(3)      An individual whose impairment(s) meets or equals a listed impairment in

3

[20 C.F.R. pt. 404, subpt. P, app. 1] will be considered disabled without the consideration of vocational factors.

(4)     If an individual's residual functional capacity is such that he or she can still perform past relevant work, then a finding of "not disabled" will be made.

(5)     If an individual is unable to perform past relevant work, then other factors including age, education, past work experience, and residual functional capacity must be considered to determine whether the individual can make an adjustment to other work in the economy.

See, Boyd v. Apfel, 239 F.3d 698, 704 -705 (5th Cir. 2001);  20 C.F.R. § 404.1520.

The claimant bears the burden of proving a disability under the first four steps of the analysis; under the fifth step, however, the Commissioner must show that the claimant is capable of performing work in the national economy and is therefore not disabled.  Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987).  When a finding of "disabled" or "not disabled" may be made at any step, the process is terminated.  Villa v. Sullivan, 895 F.2d 1019, 1022 (5th Cir. 1990).  If at any point during the five-step review the claimant is found to be disabled or not disabled, that finding is conclusive and terminates the analysis.  Lovelace v. Bowen, 813 F.2d 55, 58 (5th Cir. 1987).

## <u>Analysis</u>

The ALJ determined at Step Two of the sequential evaluation process that Bamburg suffered from severe impairments of gastroesophageal reflux disorder, fibromyalgia, hiatal hernia, and chronic obstructive pulmonary disease/asthma (Tr. 17-18).  However, the impairments were not severe enough to meet or medically equal any of the impairments listed in the Category of Impairments in Appendix 1 to Subpart P, Social Security Regulations No. 4.  Id.

The ALJ next determined that Bamburg retained a residual functional capacity for light work, reduced by no more than occasional postural activities, no high concentrations of fumes,

4

dust or environmental irritants, and moderately reduced ability to maintain attention and concentration.  (Tr. 18-19).[1]

The ALJ issued his decision in this matter on February 28, 2006.  On March 23, 2006, plaintiff's treating physician, Dr. Bhatti, completed a Medical Source Statement assigning limitations incompatible with even sedentary work.  (Tr. 200-201).[2]  Bamburg presented this evidence in the first instance to the Appeals Council.  (Tr. 195-201).  Although the Appeals Council considered the newly submitted evidence, it summarily concluded that it did not provide a basis for changing the ALJ's decision.  (Tr. 4-5).  Plaintiff contends that the Appeals Council failed to afford proper weight to Dr. Bhatti's opinion.

The evidence submitted to the Appeals Council forms part of the record before the court provided that it is new, material and related to the period prior to the ALJ's decision.  *See,*

---

[1]  Light work entails:
> . . . lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.  Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.  To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.  If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(b).

[2]  Dr. Bhatti indicated that Bamburg should never lift ten pounds or more.  *Id*.  She can stand for 15 minutes before needing to sit down.  *Id*.  She can stand/walk for a total of less than two hours in an eight hour workday.  *Id*.  She can sit for 30 minutes at one time, and sit for a total of less than two hours in an eight hour day.  *Id*.  Her ability to reach and handle are limited.  *Id*.  Unscheduled breaks are needed every 15-20 minutes due to fatigue and shortness of breath.  *Id*.  She will also need to miss work or leave early at least once per week.  *Id*.

*Higginbotham v. Barnhart*  405 F.3d 332 (5th Cir. 2005); 20 C.F.R. § 404.970(b).[3]  The
Commissioner does not contest that Dr. Bhatti's statement is new and related to the period before
the ALJ's decision.  (*See*, Def. Memo.).[4]  Rather, the Commissioner appears to question the
materiality of the evidence.

In brief, the Commissioner proffers several potential rationales for the "ALJ's" rejection
of Dr. Bhatti's opinion.  However, "the ALJ's decision must stand or fall within the reasons set
forth in the ALJ's decision, as adopted by the Appeals Council."  *Newton v. Apfel*, 209 F.3d 448,
455 (5th Cir. 2000) (citation omitted).  In this case, the ALJ was not privy to Dr. Bhatti's
opinion, and the Appeals Council did not provide any explanation for its decision.

The ALJ's decision constitutes the Commissioner's final decision in this matter.  (Tr. 4).
The ALJ remarked that in the absence of an opinion from a *treating physician*, he accorded much
weight to the essentially benign findings of the consultative examiner.  (Tr. 18, 135-136).
However, the new evidence is an opinion by plaintiff's treating physician that assigns limitations
inconsistent with the ALJ's residual functional capacity assessment.

The regulations provide that generally, more weight is given to opinions from treating
sources.  20 C.F.R. § 416.927(d)(2).  Moreover, the Commissioner is required to provide good

_____

[3]  *Higginbotham* cited *Perez v. Chater*, and *Wilkins v. Sec'y Dept. of Health Human Servs.* as
support for its finding that post-ALJ evidence is to be considered part of the record.  *See,
Higginbotham*, 405 F.3d at fn. 3 (*citing inter alia*, *Perez v. Chater*, 77 F.3d 41, 44–45 (2d Cir.1996)
and *Wilkins v. Sec'y, Dept. of Health Human Servs*., 953 F.2d 93, 96 (4th Cir.1991) (*en banc*)).  Both
*Perez* and *Wilkins* require that the subsequent evidence be new, material and relevant to the pre-ALJ
decisional period.  *Perez, supra*; *Wilkins, supra* (citing, 20 C.F.R. § 404.970(b)).

[4]  The relatively brief period between the ALJ's decision and the medical source
statement, and the lack of any apparent deterioration in plaintiff's condition support a finding of
temporal relevance.

reasons in its "determination" or "decision" for the weight accorded to the treating source's opinion. *Id*. In the absence of any basis for rejecting or discounting the inconsistent opinion of plaintiff's treating physician in the Commissioner's decision, the undersigned necessarily finds that the Commissioner's residual functional capacity assessment is not supported by substantial evidence. Because the foundation for the ALJ's Step Four determination was premised upon a residual functional capacity which is not supported by substantial evidence, the court further finds that the ALJ's ultimate conclusion that plaintiff is not disabled, is likewise not supported by substantial evidence.

For the foregoing reasons,

IT IS RECOMMENDED that this matter be REVERSED and REMANDED to the Commissioner for further proceedings consistent with this opinion.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL**

**FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 6th day of June, 2007.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE